# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERNDISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEVEN ZORIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-1770 |
| vs. ) | |
| ) | |
| CONVERGENT OUTSOURCING, INC. ) | **JURY DEMAND ENDORSED HEREON** |
| PALISADES COLLECTION, LLC and ) | |
| GREAT SENECA FINANCIAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, STEVEN ZORIC, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendants, CONVERGENT OUTSOURCING, INC., PALISADES COLLECTION, LLC and GREAT SENECA FINANCIAL CORPORATION, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant, CONVERGENT OUTSOURCING, INC. (hereinafter "Convergent"), is a corporation of the State of Washington, which is licensed to do business in Ohio and which has its principal place of business in Houston, Texas.

8. On information and belief, Defendant, PALISADES COLLECTION, LLC (hereinafter "Palisades"), is a limited liability company of the State of Delaware, which is licensed to do business in Ohio and which has its principal place of business in Englewood Cliffs, New Jersey.

9. On information and belief, Defendant, GREAT SENECA FINANCIAL CORPORATION (hereinafter "Great Seneca"), has its principal place of business in Rockville, Maryland.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

10. Defendant Convergent, through its agents, representatives and/or employees, and acting in their capacity as the authorized agents of Defendant Palisades began contacting Plaintiff on or about February 29, 2012 in attempts to collect the aforementioned alleged debt which is allegedly owed by Plaintiff to Palisades.

11. In fact, Plaintiff settled and paid this same account to Defendant Great Seneca pursuant to a lawsuit that was filed against him in 2006 and was subsequently dismissed with prejudice. Defendant Great Seneca subsequently sold the account to another company, despite Plaintiff's good faith payment of said account.

12. All of the actions of Convergent as described above were undertaken as the attorneys and authorized agents of Palisades.

13. In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

    c. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

3

      d.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14.    As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, STEVEN ZORIC, respectfully prays for a judgment against Defendants as follows:

      a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## **COUNT II**

(Violation of the Ohio Consumer Sales Practices Act)

15.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16.    Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

17.    Defendants are a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendants are in the business of effecting or soliciting consumer transactions.

18.    Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

19.    Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

20. Defendants, through their agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

21. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, STEVEN ZORIC, respectfully prays for a judgment against Defendants as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (0071239)
David B. Levin (0059340)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com